UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CARLOS A. BARRIENTOS ESTRADA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-1910 (RCL) |
| ATTORNEY GENERAL OF THE UNITED STATES *et al.*, | ) ) ) ) | |
| Respondents. | ) ) | |

MEMORANDUM OPINION

Petitioner is a federal prisoner at the Federal Correctional Institution in Big Spring, Texas. In an application for a writ of *habeas corpus*, petitioner challenges his conviction imposed by the United States District Court for the Middle District of Florida following a plea of guilty. Pet. at 1-2. He claims that the sentencing court lacked subject matter jurisdiction over the criminal charges and that his attorney provided ineffective assistance of counsel by failing to raise the jurisdictional issue. *Id*. at 7-9. For the following reasons, the Court dismisses the case.

Upon review of a habeas application, the court must either issue the writ or order the respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A challenge to a judgment of conviction and sentence must be brought before the sentencing court pursuant to 28 U.S.C. § 2255. Under that statute,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief,

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  *See Taylor v. United States Board of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (where petitioner attacked the constitutionality of the statute under which he was convicted and sentenced, the proper remedy was by motion under 28 U.S.C. § 2255); *see also Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

Petitioner has not moved for relief under § 2255, *see* Pet. at 3, and he has not shown the inadequacy of that remedy to test the legality of his detention.  This Court therefore may not entertain the application for a writ of *habeas corpus*.[1]

_____s/_____
Royce C. Lamberth
United States District Judge

Date: November 8, 2007

---

[1] A separate Order of dismissal accompanies this Memorandum Opinion.